1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CENOBIO H. HERRERA, SR.,          ) NO. CV 12-976-JSL (MAN)
                                        )
12                  Petitioner,         )
                                        )
13        v.                            ) ORDER DISMISSING PETITION
                                        ) FOR WRIT OF HABEAS CORPUS
14   LINDA SANDERS, WARDEN,             ) WITHOUT PREJUDICE
     F.B.O.P, et al,                    )
15                                      )
                    Respondents.        )
16   _____)

17

18       Petitioner, a federal prisoner proceeding *pro se*, filed a motion,

19   purportedly pursuant to 28 U.S.C. § 2241, on February 3, 2012

20   ("Petition").  Petitioner names as Respondents the Warden of FCI-Lompoc,

21   the institution at which he is incarcerated, and the Federal Bureau of

22   Prisons.

23

24       A review of the Petition reveals that the pleading is essentially

25   a re-hash of a purported Section 2241 petition filed by Petitioner in

26   this Court in Case No. CV 11-6196-RSWL (MAN), which was dismissed on

27   August 9, 2011, on the ground that the relief sought was in the nature

28   of a civil rights claim, not a habeas claim (the "Prior Petition").  As

in the Prior Petition action, Petitioner is not challenging his federal conviction or sentence, the execution of his sentence, or the fact of his custody or incarceration.  Rather, Petitioner again complains about a memorandum issued by the Warden of FCI-Lompoc on January 18, 2011, which prohibited prisoners at FCI-Lompoc from obtaining, possessing, or creating Uniform Commercial Code ("UCC") financing statements. Petitioner again asserts that prohibiting him from possessing UCC materials, confiscating his UCC materials, and punishing him for violating the memorandum violates his First Amendment rights and impairs his access to courts.  Petitioner again alleges that prison officials retaliated against him by confiscating his legal documents and placing him in the Segregated Housing Unit.  Petitioner again seeks injunctive relief allowing him an unfettered ability to make UCC filings, an order directing the return of his property, and an order negating the Warden's memorandum.

A habeas corpus petition under 28 U.S.C. § 2241 is the proper vehicle for a federal prisoner's challenge to the manner, location, or conditions of a sentence's execution.  *See* Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition.  *See* Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); *see also* Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004)("Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.").  A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of

2

his prison life, but not to the fact or length of his custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." <u>Nelson v. Campbell</u>, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004).

        Notwithstanding Petitioner's invocation of Section 2241, he seeks to pursue a civil rights claim, based on an asserted violation of the First Amendment, related to his conditions of confinement, *i.e.,* the denial of UCC materials pursuant to the January 18, 2011 memorandum and alleged retaliation based on his conduct in violation of that memorandum.  Indeed, Petitioner expressly states that his Petition is "challenging Terms of his Confinement." (Petition at 1.)  Moreover, as he did in the dismissed Prior Petition action, Petitioner again improperly seeks relief that is not available through a habeas action. *See* <u>Douglas v. Jacquez</u>, 626 F.3d 501, 504 (9th Cir. 2010)("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'")(citations omitted).  Petitioner's claim, therefore, must be raised by way of a civil rights complaint,[1] rather than through a habeas petition brought under Section 2241.

        While the Court may construe a flawed habeas petition as a civil

---

        [1]   Because Petitioner challenges the actions of a federal employee and agency, his civil rights claim must be raised under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971), rather than 42 U.S.C. § 1983, which applies only to state action.

3

rights action, *see* <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251, 92 S. Ct. 407, 409 (1971), converting the Petition to a <u>Bivens</u> complaint would be improper, given that: (1) the Petition was not accompanied by the $350 filing fee; (2) the Petition was not accompanied by an affidavit regarding Petitioner's financial status and a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (3) the Petition was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b); (4) Petitioner asserts that he should be excused from completing the administrative remedy process, and he admittedly has not exhausted his administrative remedies with respect to his claim, a prerequisite to filing a civil rights action;[2] (5) any such <u>Bivens</u> claim against respondent Federal Bureau of Prisons would be barred by the sovereign immunity doctrine;[3] and (6) Petitioner has not identified the capacity in which the individual respondent, the FCI Warden, would be sued for purposes of a civil rights claim, a critical issue for sovereign immunity purposes.[4]

---

[2]   42 U.S.C. § 1997e(a) provides that:   "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues."   <u>Booth v. Churner</u>, 531 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001).

[3]   *See, e.g.,* <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 484-86, 114 S. Ct. 996, 1005-06 (1994); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 857 (9th Cir. 1996); <u>Cato v. United States</u>, 70 F.3d 1103, 1110 (9th Cir. 1995).

[4]   *See, e.g.,* <u>Mayben v. Barnes</u>, 290 F. Supp. 2d 1169, 1173 (E.D. Cal. 2003)("a *Bivens* action cannot be brought against a federal employee in his or her official capacity because this would be deemed an action against the United States").

4

In addition, if the Petition were to be converted to a <u>Bivens</u> complaint, Petitioner would be obligated to pay the $350 filing fee for such a civil action, either in full or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $350 filing fee. Further, if the Petition were converted to a <u>Bivens</u> complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). It is not clear that the allegations of the Petition state a cognizable <u>Bivens</u> claim. If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" -- *i.e.,* prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury."[5] Thus, the Court believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise his present claim through a properly-submitted complaint.[6]

---

[5]    Petitioner apparently already has one "strike" for purposes of Section 1915(g). *See* <u>Cenobio-Humberto Herrera, Sr. v. United States of America</u>, CV 09-8218-UA (order filed on December 14, 2009).

[6]    Petitioner also then may determine if he is willing to incur the $350 filing fee obligation, as well as the possibility of incurring another "strike."

1      Accordingly, based upon the foregoing, IT IS ORDERED that Judgment

2   shall be entered dismissing the instant Petition without prejudice.

3

4      LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6   DATED:  Feb. 8, 2012.

7

8                                        _____
                                                J. SPENCER LETTS
9                                        UNITED STATES DISTRICT JUDGE

10  PRESENTED BY:

11

12  _____
            MARGARET A. NAGLE
13  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28